JUSTICE TRIEWEILER
specially concurring.
¶56 I concur with the majority’s decision to affirm the District Court’s order which granted the plaintiffs a new trial, and to reverse that part of the District Court’s order which granted judgment as a matter of law to the plaintiffs. In light of the decision to remand this case for a new trial, I disagree that it was necessary to discuss whether the testimony of Dr. Donna Seger was properly admitted in the previous trial. However, was I to reach that issue, I would also disagree with the majority’s conclusion that much of her testimony did not violate the rules of discovery and need not have been excluded as a sanction for that violation.
¶57 Because this case is being remanded for a new trial, the admissibility and scope of Dr. Seger’s testimony at that trial will *19 necessarily have to be considered based on the posture of discovery at that time. Except as it relates to issues raised on appeal, whether evidence was or was not properly admitted in the previous trial is irrelevant to any future proceeding, and there is no real point to the majority’s discussion of that issue. Having said that, however, I also conclude that the majority’s discussion of Dr. Seger’s testimony misses the whole point of the plaintiffs’ objection.
¶58 The majority apparently concludes that because the plaintiffs scheduled Dr. Seger’s deposition and then canceled it, the District Court did not abuse its discretion when it allowed Dr. Seger to testify. But it is not the plaintiffs’ contention that the District Court abused its discretion when it allowed Dr. Seger to testify. It is the plaintiffs’ contention that the District Court abused its discretion when it first ordered that Dr. Seger’s testimony would be limited to the disclosures made by the defendant pursuant to Rule 26(b)(4)(A), M.R.Civ.R, and then allowed Dr. Seger to testify as an expert on matters which had not been disclosed.
¶59 For example, the defendant’s expert witness disclosure gave no indication that Dr. Seger would testify regarding the plaintiffs’ psychological disorders, learning disabilities, or possible causes, other than carbon monoxide, of their symptoms. Yet, she was allowed to do so. The defendant’s expert witness disclosure gave no indication that Dr. Seger would be asked to testify as an expert psychological witness regarding the mental health of people that she had never examined, tested, nor seen. Yet, she was allowed to do so. The discovery responses which were provided by the defendant indicated that general statements about Dr. Seger’s opinion and incomplete documentary evidence would be supplemented at a later date. However, supplementation was never provided. In short, the expert witness disclosures made by the defendant regarding the testimony of Dr. Seger were completely inadequate to enable plaintiffs to fully cross-examine Dr. Seger at the time of trial. Furthermore, the rules of discovery anticipate that written interrogatories and requests for production should be sufficient to discover the substance of the opinion of an opposing party’s expert and that person’s basis for his or her opinion. There is no right pursuant to Rule 26(b)(4), M.R.Civ.R, to depose the other party’s expert without court approval. Failure to provide adequate witness disclosure certainly cannot be excused on the basis that the party which sought disclosure did not take a deposition — especially when experts such as Dr. Seger are located so *20 far from Montana and charge fees as high as $500 an hour to share their opinions.
¶60 For these reasons, if I was to reach the issue of whether or not the District Court abused its discretion when it allowed Dr. Seger to testify to matters which had not been disclosed in the defendant’s expert witness disclosure, I would hold that the District Court did abuse its discretion. I conclude that the majority first ventures into an area which is unwarranted by its disposition of the case, and then while doing so, arrives at the wrong conclusion.
¶61 For these reasons, I concur with the result arrived at by the majority, but disagree with its unnecessary discussion of the admissibility of Dr. Seger’s opinions.